UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA ANN STONECIPHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:20-cv-00609-HBK<br><br>ORDER APPROVING PARTIES' JOINT STIPULATION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND REVERSING FINAL DECISION AND REMANDING CASE<br><br>(Doc. No. 20)<br><br>ORDER TO TERMINATE ALL PENDING MOTIONS AND DEADLINES |

　　　　Pending before the Court is the parties' Stipulation for Remand filed September 16, 2021. (Doc. No. 20).  Plaintiff Lena Ann Stonecipher and the Commissioner of Social Security jointly stipulate to remand this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) and for judgment to be entered in Plaintiff's favor.  (*Id.*).

　　　　The United States Supreme Court held that the Social Security Act permits remand in conjunction with a judgment either affirming, reversing, or modifying the Secretary's decision. *See Melkonyan v. Sullian*, 501 U.S. 89, 97-98 (1991) (addressing issue of attorney's fees under the Equal Access to Justice Act and calculating deadline using date of final judgment).  The *Melkonyan* Court recognized 42 U.S.C. § 405(g) contemplates only two types of remand –

sentence four or sentence six. *Id.* at 98.  A sentence four remand authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without resetting the cause for a rehearing." *Id.* at 98 (other citations omitted).

Here, the parties' stipulation and proposed order seeks remand under sentence four and reversal of the Commissioner's final decision. (Doc. 20 at 1-2).  The parties further stipulate that the Administrative Law Judge "will obtain supplemental vocational evidence and reassess whether there are jobs existing in significant numbers in the national economy that Plaintiff could perform. In so doing, the ALJ will resolve any apparent conflicts between this evidence and the *Dictionary of Occupational Titles*, in accordance with Social Security Ruling 00-4p, also explaining why the numbers of jobs cited are significant.  The ALJ will further develop the record and issue a new decision on whether Plaintiff was disabled through her date last insured." (*Id.*). The parties do not stipulate to a new hearing but agree "Plaintiff may demonstrate to the ALJ that the facts of the case warrant another hearing." (*Id.* at 2).

Accordingly, it is now **ORDERED**:

1. The Court APPROVES the parties' Joint Stipulation (Doc. No. 20).

2. The Commissioner of Social Security's decision is REVERSED, judgment shall be entered in favor of Plaintiff, and this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with the parties' Joint Stipulation and this Order under 42 U.S.C. § 405(g), sentence four.

3. The Clerk is respectfully requested to terminate any pending motions/deadlines and close this case.

Dated:    September 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE