UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA ANN STONECIPHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:20-cv-00609-HBK<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES[1]<br><br>(Doc. No. 25)<br><br>ORDER FOR CLERK TO MAIL A COPY OF ORDER TO PLAINTIFF |

　　　　Lawrence D. Rohlfing ("Counsel") of the Law Offices of Lawrence D. Rohlfing, attorney for Plaintiff Lena Ann Stonecipher ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on May 9, 2022.  (Doc. No. 25).  Plaintiff was served with the motion and advised she had 14 days to object.  (*Id.* at 2).  Defendant filed a response on May 23, 2022.  (Doc. No. 26).  For the reasons set forth below, the motion for attorney's fees is granted in the amount of $21,432.50 subject to an offset of $2,950.00 in fees previously awarded on January 22, 2019, and $3,000 in fees previously awarded on October 1, 2021, for a total of $5,950.00[2] in fees

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 11).

[2] On November 19, 2013, Plaintiff requested judicial review of a denial of Title II disability benefits, and this Court ordered remand for further administrative proceedings on November 16, 2018.  *See Stonecipher v. Comm'r of Soc. Sec.*, No. 1:17-cv-01479-JLT at Doc. No. 16 (E.D. Cal.).  The Court awarded attorney's fees under the EAJA in the amount of $2,950.00 on January 22, 2019.  *See id.* at Doc. No. 19.  Plaintiff's

previously awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (See Doc. No. 26 at 1-2).

## I. BACKGROUND

On April 28, 2020, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  On September 23, 2021, the Court granted the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered the same day.  (Doc. Nos. 21, 22).  The Court entered an award of $3,000 for attorney fees under the Equal Access to Justice Act ("EAJA") on October 1, 2021.  (Doc. Nos. 24).  On remand, the Commissioner found Plaintiff disabled beginning on October 14, 2014.  (Doc. No. 25-2, 25-3).  Plaintiff was awarded $109,730.00 in retroactive benefits.  (Doc. No. 25-3 at 3).  On May 9, 2022, Counsel filed this motion for attorney's fees in the amount of $21,432.50, with an offset of $5,950.00 for EAJA fees already awarded.  (Doc. No. 25).  Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits.  (Doc. No. 25 at 5-7; Doc. No. 25-1).  Defendant "provided an analysis of the fee request and takes no position on the reasonableness of the request."  (Doc. No. 26 at 5).

## II. APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . ..

---

claim was remanded for further proceedings, and in a decision dated February 27, 2020, the ALJ again found Plaintiff was not disabled.  (AR 640-54).  Plaintiff filed a request for judicial review of that decision in the instant case, and after the Court granted the parties' stipulation for remand, Plaintiff's counsel was awarded another $3,000 in EAJA fees.  (Doc. No. 24).  Thus, as noted in Defendant's response, it "appears that Counsel mis-calculated the prior EAJA fee as $5,150.00."  (Doc. No. 26 at 5).  The total EAJA offset amount due to Plaintiff is properly calculated as $5,950.00.  Plaintiff did not file a reply to Defendant's response.  (*See* docket).

1  42 U.S.C. § 406(b)(1)(A).  Counsel for a plaintiff may recover attorneys' fees under both 42
2  U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however,
3  must refund to the plaintiff the amount of the smaller fee.  *Id.*

4  Fees in social security cases "are usually set in contingency-fee agreements and are
5  payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70
6  (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142,
7  1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing
8  successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrechtt,* 535 U.S. at
9  805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees,
10 Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.
11 Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.
12 In determining reasonableness, the court may consider the experience of the attorney, the results
13 they achieved, and whether there is evidence the attorney artificially increased the hours worked
14 or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Any 406(b) award is
15 offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d
16 1215, 1219 (9th Cir. 2012)

17 **III.  ANALYSIS**

18 Here, Plaintiff signed a fee agreement providing, "the fee for successful prosecution of
19 this matter is 25% of the past due benefits awarded…" (Doc. No. 25-1).  Counsel was ultimately
20 successful in securing $109,730.00 in retroactive benefits for Plaintiff.  (Doc. No. 25-3 at 3).  In
21 support of this motion, Counsel submitted a time sheet indicating the firm expended 23.3 hours in
22 attorney time and 7.25 hours in paralegal time on this matter.  (Doc. No. 25 at 8; Doc. No. 25-4).
23 The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

24 Counsel's request for $21,432.50 in fees for 30.55 hours of attorney and paralegal work
25 results in an hourly rate of $701.55.  (Doc. No. 25-4).  Were the Court to exclude paralegal time
26 of 5.2 hours, the hourly rate for attorney work is $919.85.  Regardless, in 2008, the Ninth Circuit
27 found similar hourly rates reasonable in social security contingency fee arrangements.  *Crawford*,
28 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates

equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020). Attorney hourly rates inevitably rise as their experience increases, and Counsel has been practicing social security law since 1985. (Doc. No. 25 at 14). The $21,432.50 sought by Counsel is 19.6% of the $109,730.00 in retroactive benefits, well below the amount stipulated to in the contingency agreement. Based on the foregoing, the Court finds the requested fees of $21,432.50 are reasonable. *Gisbrechtt,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to 406(b) in the amount of $21,432.50 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorneys' fees granted under the EAJA. 28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796. As Plaintiff was previously awarded $5,950.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees is **GRANTED** (Doc. No. 25).
2. Plaintiff's Counsel is awarded $21,432.50 in attorney fees pursuant to 42 U.S.C. § 406(b).
3. Counsel shall refund to Plaintiff $5,950.00 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).
4. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff Lena Ann Stonecipher, 7111 Ellington Dr., Bakersfield, CA 93312.

Dated:   August 22, 2022

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE